JOSIE M. HARRIS,　　　　　　　　　　) United States District Court
　　　PLAINTIFF　　　　　　　　　　　) Northern District of Illinois
　　　　　　　　　　　　　　　　　　　) Eastern Division
VS.　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　00C 2172
　　　　　　　　　　　　　　　　　　　)
ROBERT WEINSTEIN, M.D.　　　　　　　 ) Case No.
KATHI BRASWELL, R.N.,　　　　　　　　)
DIANE MCCULLOUGH,　　　　　　　　　　)
　　ASSISTANT STATE'S ATTORNEY　　　 ) JUDGE GRADY
LOUIS P. SVENDSEN, ATTORNEY-AT-LAW　 )
SCOTT MCKENNA, ATTORNEY-AT-LAW　　　 )
TIMOTHY RICHARDSON, ATTORNEY-AT-LAW ) MAGISTRATE JUDGE ROSEMOND
　　DEFENDANTS
　　(AS INDIVIDUALS)

## COMPLAINT OF ATTORNEY MISCONDUCT, PERJURY, VIOLATION OF SEVENTH, FOURTEENTH AMENDMENT; VIOLATION OF COOK COUNTY RULES OF CIVIL PROCEDURE

1. In January 1996, I filed a Title VII charge (EEOC # 210962331) against Robert Weinstein, M.D., Kathy Braswell, R.N., and Cook County Hospital (CCH). In January 1999, Robert Weinstein, Kathy Braswell and CCH were awarded summary judgment in the District Court of Chicago, Illinois.

2. In February 1999, I appealed the District Court's Decision. In March 1999, the District Court denied the appeal. In March 1999, I appealed to the 7th Circuit Court for review of the District Court Decision. The 7th Circuit refused to review the underlying judgment because the District judge could not extend the time to file a motion for reconsideration. In October 1999, after filing for a rehearing the 7th Circuit upheld their decision not to review the underlying judgment and also dismissed the Motion for Reconsideration of Judgment. On November 11, 1999, I was given access to my legal file from Mr. Scott McKenna, Attorney at Law.

3. Dr. Robert Weinstein, defendant, in the District Court withheld information and submitted a false document that was never reviewed by me in the District Court. He also made material false statements that resulted in Cook County Hospital obtaining summary judgment. Dr. Weinstein stated in his deposition that he was not involved in the hiring process and did not know the person hired but on November, 1999, I obtained a previous memorandum addressed to the Finance Department of Cook County Hospital from Ruth Rothstein, Director, that Dr. Weinstein

wanted his secretary hired. This is new information and withheld by Mr. Scott Mckenna. I received this information November 1999, after appealing the Appellate court decision.

4. Kathy Braswell, R.N., submitted a false job posting, false information and made material false statements in her deposition that resulted in continuing retaliation and Cook County Hospital obtaining summary judgment. I obtained several false documents, November 1999, that supported the charge of discrimination.

5. Timothy Richard and Scott Mckenna, had a fidicuiary relationship, as appointed by the Court. In November, 1999, shortly after I appealed to the Appellate Court, I discovered copies of the false documents (my resume, job posting) exchanged by fax between Diane McCollum, Assistant State's Attorney and Court appointed Attorneys, Timothy Richardson and Scott McKenna that resulted in Cook County Hospital also obtaining summary judgment. I have a memo that was obtained from Mr. Scott McKenna, November, 1999 to the Finance Department of Cook County Hospital regarding the hiring of Dr. Weinstein's Secretary that was withheld. The information Mr. McKenna withheld is that after every court date or written complaint there was written retaliation from supervisors and other employees at Cook County Hospital.

6. Mr. Louis Svendsen, had a fidicuiary duty, Court appointed attorney, withheld and suppressed material information, altered dates of occurrences even though I filed documents, which contradicted the dates. In November 1999, I received additional information from court-appointed attorney, Scott McKenna that included this false information. Mr. Svenson offered evidence that he knew to be false and failed to take reasonable remedial measures to correct it.

7. Ms. McCollum, Assistant State Attorney deliberately filed 2 documents that contained material false information. The documents were my resume and the job description and requirements filed by Dr. Weinstein and Kathy Braswell. I mailed Ms. McCollum a copy of the job description and other documents during discovery. Ms. McCollum and the court were informed that the deposition was riddled with English errors and was not correct before summary judgment on 11/98. Ms. McCollum offered evidence that she knew to be false and failed to take reasonable remedial measures to correct it

8. I never signed a waiver eliminating my right to a jury trial but the court appointed lawyers made a decision without discussion and after several complaints by me to the Chief Judge, the lawyers, elected not to prepare me for trial but to alter documents that would control the outcome by having the case decided by deposition and an out of town judge that made no comment about the violation of Cook County Rules of Civil Procedure withheld by defendants and plaintiff's lawyers.

9. As a result of the above, the original case, Harris was continuously harassed and retaliated against from 1994 until January, 2000, causing substantial emotional pain, lost of over ½ income and unfavorable job reassignments. I was deprieved of my due process rights to a jury trial

<" >

because of the discretionary rulings of the District and Appellate Court Judges based on all of the above.

WHEREFORE, plaintiff prays for judgment against defendants in the sum of 20 million dollars and interest. Due to the above, I would like all orders and judgments voided in the original case. I would like to be allowed my day in court. I am not requesting representation from the Cook County Public Appointed Lawyers, I am requesting a jury trial..

*[signature]*

Josie M. Harris, Plaintiff, Pro Se
Certified Data Manager
Certified Medical Transcriber
7443 North Ashland
Chicago, Illinois 60626
(773)338-3537

April 10, 2000  (There are 9 numbered paragraphs outlined above exclusive of the prayer)